### ZURICH GEN. ACCIDENT & LIABILITY INS. CO., LIMITED, v. CLAMOR et al.

### No. 1647.

District Court, N. D. Illinois, E. D.

Jan. 13, 1941.

Miller, Gorham, Wescott & Adams, of Chicago, Ill., for plaintiff.

J. S. Cook, of Chicago, Ill., for defendant Rose Hyman.

Barrett, Barrett, Costello & Barrett, of Chicago, Ill., for defendant Car & General Ins. Corp., Ltd.

BARNES, District Judge.

Prior to February 4, 1940, Zurich had issued and there was on that date in full force and effect its policy of insurance insuring one James Dottini, during the policy period March 11, 1939, to March 11, 1940, against bodily injury liability growing out of the operation of a certain 1935 Oldsmobile automobile. The policy provided that the word "insured" "includes not only the named insured but also any person while using the automobile * * * provided * * * that the actual use is with the permission of the named insured. The provisions of this paragraph do not apply: (a) to any person * * * with respect to any loss against which he has other valid and collectible insurance; * * *".

Prior to February 4, 1940, Car & General Insurance Corporation Ltd. had issued and there was on that date in full force and effect its policy of insurance insuring one James Clamor against bodily injury liability growing out of the operation of a certain 1936 Ford automobile. Said Car & General policy was issued on or about January 28, 1939. On June 7, 1939, a certain "Drive other Private Passenger Automobiles Endorsement" was added to said policy and on February 4, 1940, said endorsement was in full force and effect and a part of said policy. Said endorsement provided, "such insurance * * * also applies: (1) to the named insured * * * with respect to the operation of any other private passenger automobile by any such insured * * * provided: * * * (b) such use is with the permission of any person having the right to grant such permission; * * * and (e) the insurance shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered hereunder." On or about May 24, 1939, the said Car & General

policy was changed to cover a 1939 Plymouth automobile and the said 1936 Ford automobile was eliminated therefrom.

At the time and place of the accident hereinafter mentioned, James Clamor, with the permission of James Dottini, was driving and operating the aforesaid 1935 Oldsmobile. On February 4, 1940, said 1935 Oldsmobile, then being driven by James Clamor, was involved in an accident in the city of Chicago, Illinois, in which accident one Rose Hyman claims to have been injured. Said Rose Hyman has filed a complaint in the Superior Court of Cook County, Illinois, against James Clamor and James Dottini, wherein she alleges that James Dottini was the owner of said automobile, which automobile was being driven by James Clamor "both in his individual capacity and as agent and servant of" James Dottini, and wherein she claims damages for bodily injuries in the sum of $50,000.

After the said accident James Clamor made a demand upon Zurich and Car & General to defend him against any action brought by Rose Hyman growing out of the aforesaid accident.

Zurich contends that James Clamor is not entitled to the protection of or the rights and benefits granted by its policy.

Car & General and James Clamor contend that James Clamor is entitled to the protection of and the rights and benefits granted by the Zurich policy and that Car & General is not required to pay any sums under its policy until Zurich has fully paid the limits of its policy.

Rose Hyman in her answer says, in effect, that she is not interested in the controversy between the two insurance companies, but, in her brief, she champions the cause of Car & General.

The Zurich policy, by its terms, does not apply to any person "with respect to any loss against which he has other valid and collectible insurance."

The Car & General policy states that the insurance thereby provided "shall be excess insurance over any other valid and collectible insurance available to the insured * * against a loss covered hereunder."

Is the insurance provided by the Car & General policy "other valid and collectible insurance" within the meaning of those words in the Zurich policy? This question has given the court considerable difficulty and the court is not certain that the conclusion at which it has arrived is the correct one. Some of the considerations which have led to the conclusion will be stated.

The Zurich policy does not bear date and the stipulation of the parties only says that prior to February 4, 1940, Zurich issued a policy and that on said date it was in full force and effect, but the court is probably justified in assuming that it was issued on or about the beginning of the policy period, March 11, 1939.

The Zurich policy when issued (it has been assumed on March 11, 1939) insured not only James Dottini but also a class of persons described by two certain limiting phrases (1) "any person while using the automobile" and (2) "with the permission of the named insured." With the issuance of the policy, the description of this class was complete. Zurich could not thereafter add to or subtract from that class. The power to identify persons as members of that class was, as to each person identified, vested in two persons jointly, "the named insured," James Dottini, and a person "using the automobile." James Clamor was so identified.

The following language of the Zurich policy, "The provisions of this paragraph do not apply: (a) to any person * * * with respect to any loss against which he has other valid and collectible insurance", seems to contemplate that a person who has been identified in the manner aforesaid as a member of the class aforesaid may have two classes of losses: (1) those "against which he has other valid and collectible insurance," and (2) those against which he does not have other valid and collectible insurance. If the person who has been identified as a member of the class suffers a loss "against which he has other valid and collectible insurance", "the provisions of the paragraph" (which is being considered) "do not apply," and it seems reasonable to conclude that if the person who has been identified as a member of the class suffers a loss "against which he" does not have "other valid and collectible insurance" then "the provisions of the paragraph" (which is being considered) "do" "apply."

While the Car & General policy was issued on or about January 28, 1939, the "Drive other private passenger automobile endorsement" was not added thereto until June 7, 1939. It states that the insurance thereby provided "shall be excess insurance over any other valid and collectible insurance available to the insured."

On March 11, 1939, the Zurich policy "omnibus clause" defined a class, including such persons as James Clamor. On June 7, 1939, the Car & General policy was extended to James Clamor's operation of other private passenger automobiles. As to James Clamor's operation of the James Dottini automobile the earlier policy was the Zurich policy.

The conclusion of the court is that, assuming the liability limits of the Zurich policy are $10,000 damages to any one person and $20,000 damages from any one accident, then the Car & General policy provides Clamor with "excess insurance over" said liability limits of the Zurich policy, namely, over $10,000 to any one person and $20,000 damages from any one accident; that the Car & General policy does not provide Clamor with insurance against the first $10,-000 damages to any one person or against the first $20,000 damages from any one accident; that the insurance provided by the Car & General policy is not "other valid and collectible insurance" within the meaning of those words in the Zurich policy; and, finally, that the Zurich policy provides Clamor with primary insurance against the first $10,000 damages to any one person and against the first $20,000 damages from any one accident.

A large number of cases have been cited in the briefs of the parties and have been considered in oral argument. The court is of the opinion that the weight of authority supports the conclusions above stated.

The defendants may prepare and, on notice, present drafts of findings of fact, conclusions of law, and a decree consistent with the views herein expressed.